IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BARBARA G. HUDEC,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-04353-L** |
| | § | |
| **ROBERT NEWHOUSE, TRUSTEE**, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Appellant Barbara Hudec's appeal of the bankruptcy court's April 12, 2012 Order On Motion To Compromise Controversy. After careful consideration of the briefs, the record on appeal, and the applicable law, the court **affirms** the bankruptcy court's decision.

**I.    Procedural and Factual Background**

This bankruptcy appeal arises from the bankruptcy proceedings regarding Debtor Barbara Hudec ("Hudec") and a cash transfer she made before initiating the bankruptcy. On May 7, 2010, Hudec made a $50,000 mortgage payment to MetLife Home Loans, a Division of MetLife Bank, N.A. ("MetLife") from an account that she held jointly with her spouse Wayne Hudec. Hudec subsequently filed a voluntary petition for chapter 7 bankruptcy on June 30, 2011, and claimed an exemption in her homestead. Bankruptcy estate trustee Robert Newhouse ("the Trustee") filed a motion and objection to Hudec's homestead exemption pursuant to 11 U.S.C. § 522(o) ("Section 522 Objection"), contending that the $50,000 Hudec paid to MetLife to reduce the amount of her

**Memorandum Opinion and Order - Page 1**

mortgage was nonexempt and should returned to the bankruptcy estate.[1] The Trustee maintained that the $50,000 mortgage payment was a fraudulent transfer that he was entitled to recover from Hudec or Metlife.

Subsequently, the Trustee sent a demand letter to MetLife, and the Trustee and MetLife entered into a settlement agreement to turn over the $50,000 to the bankruptcy estate ("Settlement Agreement"). Pursuant to the Settlement Agreement, the Trustee and MetLife stipulated that Hudec's transfer was void and that MetLife would return the full $50,000 to the bankruptcy estate. As a result of the Settlement Agreement, MetLife's payment to the bankruptcy estate would adjust Hudec's mortgage account such that she would still owe the $50,000 on her mortgage.

On October 20, 2011, the Trustee filed a Motion for Order Approving Settlement with MetLife, pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019 Motion"). Hudec requested, and was granted, a hearing on the Section 522 Objection and Rule 9019 Motion. During the April 5, 2012 hearing on the Section 522 Objection and Rule 9019 Motion, the bankruptcy court approved the Rule 9019 Motion and ordered the Trustee to withdraw the Section 522 Objection. Tr. 4 ("Because the [Rule 9019] Motion is approved, the Trustee has agreed to withdraw his objection

---

[1] Under § 522(o), the value of a homestead is not exempt to the extent that such value is attributable to non-exempt property that, "with the intent to hinder, delay, or defraud a creditor," the debtor disposed of within the ten years preceding the petition date.

Section 522(o) provides:

> [T]he value of an interest in—(1) real or personal property that the debtor . . . uses as a residence; . . . or (4) real or personal property that the debtor . . . claims as a homestead; shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

11 U.S.C. § 522(o) .

**Memorandum Opinion and Order - Page 2**

to the homestead exemption (docket entry 17). The Trustee should file an appropriate pleading to that effect within ten days.").

On April 20, 2012, Hudec filed a Motion for Reconsideration of Order on Motion to Compromise Controversy. The bankruptcy court denied the motion for reconsideration on July 16, 2012. On July 31, 2012, Hudec appealed the bankruptcy court's April 12, 2012 Order on Motion to Compromise Controversy.

## II.     Standard of Review

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *See Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003); *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir.), *cert denied*, 531 U.S. 871 (2000).

A bankruptcy court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr.P. 8013. A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made." *In re Dennis*, 330 F.3d at 701 (citation omitted). In conducting this review, the court must give due regard to the opportunity of the bankruptcy judge to determine the credibility of the witnesses. *Id.*; *see also Young v. Nat'l Union Fire Ins. Co. (In re Young)*, 995 F.2d 547, 548 (5th Cir. 1993) (quoting Fed. R. Bankr. P. 8013).

### III. Analysis

Hudec's appeal requires the court to resolve two issues. Hudec first contends that the bankruptcy court applied the incorrect standard in ruling on the Trustee's Section 522 Objection. Hudec also contends that even if the bankruptcy court applied the correct standard, only half of the $50,000 should be returned to the bankruptcy estate because her spouse owned half of the original $50,000; her spouse did not file bankruptcy; and section 522(o) does not apply to a spouse who is not a debtor.

The Trustee counters that the bankruptcy court's order should be affirmed because Hudec's appeal relates solely to the Trustee's Section 522 Objection, which was withdrawn, whereas the bankruptcy court's order merely adjudicated and approved the Settlement Agreement between the Trustee and MetLife. The Trustee contends that the Settlement Agreement meets the requirements for Rule 9019. Alternatively, the Trustee contends even if the bankruptcy court's order can be construed as ruling on the Section 522 Objection, the bankruptcy court's order should be affirmed because there is sufficient evidence to support such a ruling.

#### A. Standard Applied By the Bankruptcy Court

The court first addresses Hudec's argument that the bankruptcy court used the incorrect standard for a finding of intent to hinder, delay, or defraud in ruling on the Trustee's Rule 522 Objection. Most of Hudec's briefing on appeal is dedicated to this issue; however, after reviewing the bankruptcy court's order, the court agrees with the Trustee that any issue as to the Section 522 Objection was mooted by the Trustee's withdrawal of the objection, and Hudec has not appealed the bankruptcy court's decision to grant the Rule 9019 Motion.

Furthermore, the bankruptcy court determined that there was good cause to accept the Settlement Agreement.  For a bankruptcy court to approve a Settlement Agreement, it must be "fair and equitable and in the best interest of the estate." *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995) (internal citations omitted).  In her reply brief, Hudec concedes that the bankruptcy court applied this standard.  Additionally, while the bankruptcy court noted that the Trustee made a "colorable dispute" for a fraudulent transfer against the bank, it approved the Settlement Agreement because "[t]he Trustee established the elements required for a comprise under Bankruptcy Rule of Procedure 9019."  Tr. 4.  Accordingly, Hudec's argument that the bankruptcy court applied the incorrect standard to the withdrawn Section 522 Objection is of no moment.

### B.    Disposition of Settlement Proceeds

As previously noted, Hudec contends that only half of the $50,000 from the settlement between the Trustee and MetLife should be returned to the bankruptcy estate because section 522(o) does not apply to a debtor's spouse who is not a party to the bankruptcy.  Hudec maintains that if section 522(o) were intended to apply to nondebtors, the statute would say as much.

Hudec does not provide any authority to support her position.  Moreover, the Trustee contends, and the court agrees, that this argument by Hudec is based on the Trustee's Section 522 Objection and, as such, is unfounded.  As noted, the bankruptcy court ordered the objection withdrawn and approved the Settlement Agreement.

Even assuming, arguendo, that the court considered section 522(o) and the Trustee's objection in approving the Settlement Agreement, Hudec's argument still fails because she acknowledges that the funds used to pay down the mortgage were not separate property but instead

were community property held in a joint account. Appellant's Br. 19. She also acknowledges that, pursuant to section 541 of the Bankruptcy Code, such property becomes part of the bankruptcy estate after a debtor files for bankruptcy. *Id.* at 8; *see also* 11 U.S.C. § 541(a)(2)(A) (providing that the bankruptcy estate is comprised of "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is   (A) under the sole, equal, or joint management and control of the debtor."). Accordingly, Hudec's contention that only half of the $50,000 should be returned to the bankruptcy estate is without merit.

## IV.   Conclusion

For the reasons herein stated, the court **affirms** the bankruptcy court's April 12, 2012 Order on the Motion to Compromise Controversy and **dismisses** this appeal. The clerk of court is **directed** to prepare, sign, and enter judgment in accordance with this Memorandum Opinion and Order pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure.

**It is so ordered** this 24th day of June, 2013.

Sam A. Lindsay
United States District Judge